## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| DIOCESE OF ST. CLOUD; CHURCH OF SAINT JOSEPH, ST. JOSEPH; CHURCH OF THE SACRED HEART OF JESUS, DENT; CHURCH OF SAINT ANTHONY OF PADUA, ST. CLOUD; CHURCH OF OUR LADY OF VICTORY, FERGUS FALLS; CHURCH OF SAINT ANNE, KIMBALL; CHURCH OF SAINT JAMES, RANDALL; CHURCH OF SAINT LOUIS BERTRAND, FORESTON; CHURCH OF SAINT BONIFACE, COLD SPRING; CHURCH OF THE ASSUMPTION, EDEN VALLEY; CHURCH OF SEVEN DOLORS, ALBANY; CHURCH OF SAINT MARY OF THE PRESENTATION, BRECKENRIDGE; CHURCH OF THE HOLY CROSS, ONAMIA; CHURCH OF SAINT GALL, TINTAH; CHURCH OF SAINT OLAF, ELBOW LAKE; CHURCH OF THE IMMACULATE CONCEPTION, OSAKIS; CHURCH OF SAINT PETER, DUMONT; CHURCH OF AVE MARIA, WHEATON; CHURCH OF THE HOLY SPIRIT, ST. CLOUD; CHURCH OF THE HOLY ANGELS OF ST. CLOUD, ST. CLOUD f/k/a Holy Angels Congregation of St. Cloud, St. Cloud; CHURCH OF SAINT HEDWIG, HOLDINGFORD f/k/a Church of All Saints, Holdingford; CHURCH OF IMMACULATE CONCEPTION, NEW MUNICH; CHURCH OF SAINT PAUL, SAUK CENTRE; CHURCH OF SAINT JOSEPH, CLARISSA; CHURCH OF THE SACRED HEART, STAPLES; CHURCH OF SAINT STANISLAUS, SOBIESKI; CHURCH OF SAINT PETER, ST. CLOUD; CHURCH | Civil No. 17-2002 (JRT/LIB)<br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

OF SAINT ANDREW, ELK RIVER;
CHURCH OF SAINT EDWARD,
BOWLUS; CHURCH OF SAINT PAUL,
ST. CLOUD; and CHURCH OF ST.
MARY'S CATHEDRAL OF ST. CLOUD,
ST. CLOUD f/k/a Church of the
Immaculate Conception, St. Cloud,

                                        Plaintiffs,

        v.

ARROWOOD INDEMNITY COMPANY,
individually and as successor to Royal
Indemnity Company, Connecticut
Indemnity Company, The Fire & Casualty
Insurance Company, Security Insurance
Company of Hartford, Connecticut
Specialty Insurance Company, New
Amsterdam Casualty Company, and Orion
Capital Companies; THE ORDER OF ST.
BENEDICT, d/b/a St. John's Abbey; THE
CONTINENTAL INSURANCE
COMPANY; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY;
TRAVELERS INDEMNITY COMPANY;
CHURCH MUTUAL INSURANCE
COMPANY; and HARTFORD
ACCIDENT AND INDEMNITY
COMPANY,

                                        Defendants.


CHURCH MUTUAL INSURANCE
COMPANY,

                        Counterclaim Plaintiff,

        v.

CHURCH OF THE SACRED HEART OF
JESUS, DENT,

                        Counterclaim Defendant.

John H. Faricy, Jr., and Vadim Trifel, **FARICY LAW FIRM, P.A.**, 12 South Sixth Street, Suite 211, Minneapolis, MN 55402, for plaintiffs.

James S. Carter, Jr., **BLANK ROME LLP**, 1825 Eye Street Northwest, Washington, DC 20006, for defendant The Order of St. Benedict.

Scott E. Turner, **ELENIUS FROST & WALSH**, 333 South Wabash Avenue, Suite 25th Floor, Chicago, IL 60604, and Troy A. Poetz, **RAJKOWSKI HANSMEIER LTD**, PO Box 1433, St. Cloud, MN 56302, for defendant The Continental Insurance Company.

Lance D. Meyer, **O'MEARA, LEER, WAGNER & KOHL, PA**, 7401 Metro Boulevard, Suite 600, Minneapolis, MN 55439, for defendant Travelers Indemnity Corporation.

Plaintiffs the Diocese of St. Cloud ("the Diocese") and various Catholic parishes located in central Minnesota (collectively, "Plaintiffs") bring this insurance coverage action in order to determine which parties will pay compensation to victims of clerical abuse that have filed claims in state court. Plaintiffs have brought this action against their own alleged insurers, Arrowood Indemnity Company ("Arrowood"), Church Mutual Insurance Company ("Church Mutual"), St. Paul Fire and Marine Insurance Company ("St. Paul"), and Hartford Accident and Indemnity Company ("Hartford"). They have also brought this action against a fellow Catholic religious organization, The Order of St. Benedict, doing business as St. John's Abbey ("the Abbey"), and its alleged insurers, The Continental Insurance Company ("Continental") and Travelers Indemnity Company ("Travelers").

Against their own insurers, Plaintiffs seek declaratory relief regarding duty to defend, duty to pay investigation and defense costs, and duty to indemnify. Against Arrowood, Plaintiffs seek damages for breach of contract, promissory estoppel, bad

faith/breach of fiduciary duty, fraudulent misrepresentation, and tortious interference with contractual relations.   Against the Abbey and its insurers, Plaintiffs seek only declaratory relief with regard to the pending state court liability claims.

There are four motions currently before the Court: (1) Continental's Motion to Dismiss; (2) Travelers' Motion for Joinder of Continental's Motion to Dismiss; (3) the Abbey's Motion to Dismiss; and (4) Plaintiffs' Motion to Remand to State Court. Because the Court will find that Plaintiffs' claims against the Abbey and its insurers are not ripe, the Court will grant Continental's Motion to Dismiss, Travelers's Motion for Joinder, and the Abbey's Motion to Dismiss.  Upon dismissal of these parties, complete diversity will exist between the remaining parties.  Thus, the Court will deny Plaintiffs' Motion to Remand to State Court.

## BACKGROUND

## I.    FACTUAL BACKGROUND

### A. The Plaintiffs

The Diocese is a Catholic Diocese corporation in St. Cloud, Minnesota.  (Notice of Removal ¶ 1, Ex. 1 ("Compl.") ¶ 4, June 12, 2017, Docket No. 1.)   The remaining Plaintiffs are "separate and independent Catholic parish corporations" located in Minnesota.  (Compl. ¶¶ 5-7.)  The Diocese is organized and operates under Minn. Stat. § 315.16; the remaining Plaintiffs are organized and operate under Minn. Stat. § 315.15. (*Id.* ¶¶ 4, 7.)

In May 2013, the Minnesota Legislature enacted the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed individuals to file sexual abuse claims that had been previously time-barred. (*Id.* ¶ 2.) More than 75 actions have been filed naming the Diocese as a Defendant, and the other Plaintiffs in this case have each been named in one or more actions. (*Id.* ¶ 3.) The actions involve some combination of public nuisance, private nuisance, negligence, negligent supervision, and negligent retention. (*Id.*) Plaintiffs refer to these actions generally as "the Claims." (*Id.*)

### B. The Defendants

With regard to Plaintiffs' own insurers, Arrowood is a Delaware corporation with its principal place of business in North Carolina. (*Id.* ¶ 9.) According to Plaintiffs, Arrowood is the successor to numerous insurance companies. (*See id.*) Plaintiffs allege that Arrowood or its predecessors issued numerous insurance policies to various Plaintiff parishes between 1955 and 1967 and insured the Diocese at least from April 1964 to December 1, 1971. (*Id.* ¶¶ 18-19, 21-28.) Church Mutual is incorporated and has its principal place of business in Wisconsin. (*Id.* ¶ 12.) It allegedly insured Plaintiff Church of the Sacred Heart from January 1967 to January 1970. (*Id.* ¶ 30.) St. Paul is incorporated and has its principal place of business in Connecticut. (*Id.* ¶ 10.) It allegedly insured Plaintiff Church of St. Andrew around 1960. (*Id.* ¶ 31.) Hartford is incorporated and has its principal place of business in Connecticut. (*Id.* ¶ 11.) It allegedly insured Plaintiff Church of Saint Olaf from around 1964 to 1966 and Plaintiff Church of Saint Paul from around 1960 to 1963. (*Id.* ¶¶ 32-33.)

The Abbey is a Catholic religious organization in Collegeville, Minnesota, organized as a Minnesota church corporation under Minn. Stat. § 315.16. (*Id.* ¶ 8.) Plaintiff alleges that, by papal decree, several parishes in the Diocese "were staffed by priests and other staff chosen by and interacting with [the Diocese] and [the Abbey]." (*Id.* ¶ 37.) The priests' and staff's interaction with both organizations "has resulted in actions claiming responsibility for clerical abuse by both [the Diocese] and [the Abbey]." (*Id.*) The Diocese and the Abbey "maintained separate insurance programs to protect both themselves and the public." (*Id.* ¶ 38.) Plaintiffs allege the following with regard to the Abbey:

> an actual controversy exists between and among [the Abbey] and the Plaintiffs concerning their respective rights and obligations of themselves and certain of their insurers as to the payment of liabilities jointly or separately incurred or to be incurred by the Plaintiffs and [the Abbey] in the past and future with respect to the [C]laims.

(*Id.* ¶ 39.)

With regard to the Abbey's insurers, Continental is incorporated in Indiana with its principal place of business in Illinois. (*Id.* ¶ 13.) Travelers is incorporated and has its principal place of business in Connecticut. (*Id.* ¶ 14). Plaintiffs allege that Continental and Travelers insured the Abbey "under various general liability policies." (*Id.* ¶ 34.)

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed this action in state court on May 12, 2017. (Compl. at 1.) On June 12, Defendants St. Paul and Travelers removed the action to federal court with the consent of all Defendants except the Abbey. (Notice of Removal ¶¶ 9-10.) Defendants

- 6 -

removed the case on a theory of complete diversity jurisdiction. (Notice of Removal ¶ 6.) On June 19, Continental and the Abbey filed separate Motions to Dismiss. (Continental's Mot. to Dismiss, June 19, 2017, Docket No. 32; Abbey's Mot. to Dismiss, June 19, 2017, Docket No. 43.) On June 30, Travelers filed a Motion for Joinder of Continental's Motion to Dismiss. (Travelers' Mot. for Joinder, June 30, 2017, Docket No. 52.) On July 17, Plaintiffs filed a Motion to Remand to State Court. (Pls.' Mot. to Remand, July 17, 2017, Docket No. 73.) Arrowood also filed a Partial Motion to Dismiss, and the Court granted a continuance of the hearing on that motion per the parties' joint request. (Arrowood's Mot. to Dismiss, July 6, 2017, Docket No. 61; Order Approving Stipulation for Continuance, Oct. 30, 2017, Docket No. 103.)

## DISCUSSION

## I.    THE ABBEY'S MOTION TO DISMISS

The Abbey seeks dismissal of Plaintiffs' claim against them, in which Plaintiffs seek "a judicial determination of the respective rights and duties of the parties." (Compl. ¶ 41.) Because the Court will find that Plaintiffs' claim against the Abbey is not ripe, the Court will grant the Abbey's Motion to Dismiss.

### A. Ripeness

As a preliminary matter, the Court must determine whether the claim at issue is ripe for judicial review. To show that their claim is ripe, Plaintiffs must meet two requirements. First, they must show that there is "a sufficiently concrete case or

controversy within the meaning of Article III of the Constitution." *Christopher Lake Dev. Co. v. St. Louis Cty.*, 35 F.3d 1269, 1272 (8th Cir. 1994). Second, they must show that "prudential considerations . . . justify the present exercise of judicial power." *Id.*

The case or controversy requirement is a constitutional question that applies to all actions, including declaratory judgment actions. *Missouri ex rel. Mo. Highway & Transp. Com'n v. Cuffley*, 112 F.3d 1332, 1337 (8th Cir. 1997). It asks whether there is a "real, substantial controversy between parties having adverse legal interests." *Id.* (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The controversy must be "definite and concrete, not hypothetical or abstract." *Id.* An action is not ripe if it depends upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Products Co.*, 473 U.S. 568, 580-81 (1998)).

Plaintiffs conclusorily allege that there is "an actual controversy" between the Plaintiffs and the Abbey. (Compl. ¶¶ 36, 39.) However, the Court fails to see how Plaintiffs' allegations constitute a definite and concrete dispute that warrants judicial review. To the extent that Plaintiffs seek a declaratory judgment regarding past liability, Plaintiffs have not alleged that any court has entered judgment against both parties or that the parties have jointly settled any claims.[1] To the extent that Plaintiffs seek a declaratory judgment regarding the parties' potential future liability, the claim is based

---

[1] In the hearing on these motions, counsel for Plaintiffs said that he was unaware of any judgments on the underlying Claims, believed they were currently pending in state court, and believed they had yet to be set for trial.

entirely on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *See Texas v. United States*, 523 U.S. at 300. Plaintiffs are asking this Court to determine the rights and obligations of the parties on Claims that are still pending. The Supreme Court has long made clear that the declaratory judgment procedure "may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945).

Furthermore, Plaintiffs fail to show that "prudential considerations . . . justify the present exercise of judicial power." *Christopher Lake Dev. Co.*, 35 F.3d at 1272. It would make little sense for the Court to predetermine liability between Plaintiffs and the Abbey on fact-specific Claims that are still pending in other courts. Apportionment of liability should be done in conjunction with the resolution of the underlying claims because it will be based on the factual circumstances of each case.[2] Were the Court to determine liability at this time, it would create duplicative litigation and might create conflicting results. Because Plaintiffs' claim against the Abbey is not ripe, the Court does not have jurisdiction and will dismiss the claim.

### B. Abstention

Even if the Court found that this claim was ripe, the Court could still abstain from exercising jurisdiction over it. "[F]ederal courts possess broad discretion to abstain from

---

[2] The Abbey notes that some of the underlying Claims assert certain counts solely against Plaintiffs and not the Abbey. (Abbey's Reply at 6, July 24, 2017, Docket No. 81.) For example, in the complaint that Plaintiffs submitted as an example of the underlying Claims, Doe 453 sought distinct damages from the Diocese alone for private and public nuisance. (Compl. ¶ 37, Ex. C ¶¶ 37-52.)

exercising jurisdiction over declaratory judgment lawsuits." *Progressive Preferred Ins. Co. v. Reagor*, 189 F. Supp. 3d 850, 853 (D. Minn. 2016). "[W]here there exists a 'parallel' state court action to the federal declaratory judgment action, and the federal case involves questions of state law, the district court's discretion is at its peak due to principles of federalism and comity." *Id.* Such abstention comes from *Brilhart v. Excess Insurance Company of America*, where the Supreme Court noted that it is "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. 491, 495 (1942). Even if the claim against the Abbey were ripe, it would be prudent for the Court to decline to exercise jurisdiction over this declaratory judgment action because the underlying Claims are still being litigated in state court.

## II.   CONTINENTAL AND TRAVELERS' MOTION TO DISMISS

To the extent that Plaintiffs' claim against the Abbey's insurers depends on the Court finding the Abbey liable, it is also not ripe for the reasons set forth above. To the extent that Plaintiffs seek a judicial declaration regarding Continental and Travelers' responsibility for past or future liabilities incurred by Plaintiffs, they lack standing and their claim constitutes an impermissible direct action.

### A. Standing

"Whether a plaintiff has standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *McClain v. Am. Econ.*

- 10 -

*Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)). The jurisdiction of the federal courts "is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). "The 'irreducible constitutional minimum of standing' is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly . . . trace[able] to the challenged action of the defendant' and (3) is 'likely [to] be redressed by a favorable decision' in court." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (alterations in original).

Plaintiffs lack standing because they are strangers to Continental and Travelers' contracts with the Abbey and thus have no rights or interests in the contracts. In *Spine Imaging MRI, L.L.C. v. Liberty Mutual Insurance Company*, the Court found that a plaintiff did not have standing to sue for breach of contract and unjust enrichment because it was not party to the insurance contracts under which it sought to recover, nor was it an assignee or third-party beneficiary. 743 F. Supp. 2d 1034, 1045 (D. Minn. 2010). Plaintiffs have not alleged that they were insured by Continental and Travelers. Nor have they alleged that they were assignees or third-party beneficiaries of the Abbey's contracts with its insurers. Thus, Plaintiffs do not have standing, and their claim against Continental and Travelers must be dismissed.

## B. Impermissible Direct Action

Even if Plaintiffs had standing and their claim against Continental and Travelers was ripe, Plaintiffs' claim would constitute an impermissible direct action. Because this case is a diversity action, the Court must apply Minnesota state law to the substantive claims. In Minnesota there is a "longstanding common-law rule that courts will not allow third parties to maintain a direct action against an insurer until the third party has a judgment against the insured." *Camacho v. Todd & Leiser Homes*, 706 N.W.2d 49, 56 (Minn. 2005). This prohibition on direct actions applies to declaratory judgments. *See Anderson v. St. Paul Fire & Marine Ins. Co.*, 414 N.W.2d 575, 576-77 (Minn. Ct. App. 1987) (injured party's attempt to seek a declaratory judgment against a tortfeasor's insurance policy constituted an impermissible direct action). Plaintiffs do not allege that they were insured by Continental or Travelers, nor do they allege that they have secured a judgment against the Abbey. Thus, Plaintiffs' claim against Continental and Travelers constitutes an impermissible direct action and must be dismissed.

## III.    PLAINTIFFS' MOTION TO REMAND

### A. Standard of Review

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a)-(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). The party seeking removal bears the burden of demonstrating that removal was proper, and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest*

*Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Remand is mandatory "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The Court has jurisdiction under 28 U.S.C. § 1332(a) if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. Complete diversity of citizenship means that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

### B. Amount in Controversy

The parties do not dispute that the amount in controversy in this action exceeds $75,000. This insurance-coverage action seeks indemnity, as well as investigation and defense costs, in a minimum of 75 clergy sexual abuse actions where victims are each seeking damages of more than $50,000. (Notice of Removal ¶ 6(j).)

### C. Diversity

At issue in this case is whether there is complete diversity of citizenship. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). All Plaintiffs are Minnesota citizens, and no Defendant insurance company is a Minnesota citizen. However, the Abbey is a Minnesota citizen, thus the action as initially filed was not diverse.

- 13 -

Nevertheless, the Court will dismiss the claim against the Abbey.[3]  Because the remaining parties are completely diverse and the amount in controversy exceeds $75,000, the Court will deny Plaintiffs' Motion to Remand.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant The Continental Insurance Company's Motion to Dismiss [Docket No. 32] is **GRANTED**.

2.    Defendant The Order of St. Benedict's Motion to Dismiss [Docket No. 43] is **GRANTED**.

3.    Defendant Travelers Indemnity Company's Motion for Joinder of Continental Insurance Company's Motion to Dismiss [Docket No. 52] is **GRANTED**.

---

[3] The Court also notes that the Abbey would be more properly aligned as a plaintiff in this matter because there is no actual and substantial controversy between the Plaintiffs and the Abbey.  Federal courts have a duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  *City of Indianapolis v. Chase Nat. Bank of New York*, 314 U.S. 63, 69 (1941) (quoting *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Tr. Co.*, 197 U.S. 178, 180 (1905)).  In coverage disputes, "courts often realign the parties such that the injured party and defendant/insured are on the plaintiffs' side of the litigation, with the insurer on the defendant's side."  *Interlachen Props., LLC v. State Auto Ins. Co.*, 136 F. Supp. 3d 1061, 1069 (D. Minn. 2015).  Any alleged controversy between the parties seems to exist only in the underlying litigation.  *See The Order of St. Benedict v. St. Paul Mercury Ins. Co.*, No. 17-CV-781 (DSD/KMM), 2017 WL 1476121, at *2-3 (D. Minn. Apr. 25, 2017) (defendant insured realigned as plaintiff because it would also "benefit from a determination that the policies cover[ed] the underlying conduct" and parties' interests only diverged in underlying litigation).

4.    Plaintiffs' First Cause of Action against The Order of St. Benedict, The Continental Insurance Company, and Travelers Indemnity Company is **DISMISSED** without prejudice.

5.    Plaintiffs' Motion to Remand to State Court [Docket No. 73] is **DENIED**.


DATED:  January 4, 2018                                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                               JOHN R. TUNHEIM
                                                         Chief Judge
                                                         United States District Court