# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| DIOCESE OF ST. CLOUD; CHURCH OF SAINT JOSEPH, ST. JOSEPH; CHURCH OF THE SACRED HEART OF JESUS, DENT; CHURCH OF SAINT ANTHONY OF PADUA, ST. CLOUD; CHURCH OF OUR LADY OF VICTORY, FERGUS FALLS; CHURCH OF SAINT ANNE, KIMBALL; CHURCH OF SAINT JAMES, RANDALL; CHURCH OF SAINT LOUIS BERTRAND, FORESTON; CHURCH OF SAINT BONIFACE, COLD SPRING; CHURCH OF THE ASSUMPTION, EDEN VALLEY; CHURCH OF SEVEN DOLORS, ALBANY; CHURCH OF SAINT MARY OF THE PRESENTATION, BRECKENRIDGE; CHURCH OF THE HOLY CROSS, ONAMIA; CHURCH OF SAINT GALL, TINTAH; CHURCH OF SAINT OLAF, ELBOW LAKE; CHURCH OF THE IMMACULATE CONCEPTION, OSAKIS; CHURCH OF SAINT PETER, DUMONT; CHURCH OF AVE MARIA, WHEATON; CHURCH OF THE HOLY SPIRIT, ST. CLOUD; CHURCH OF THE HOLY ANGELS OF ST. CLOUD, ST. CLOUD f/k/a Holy Angels Congregation of St. Cloud, St. Cloud; CHURCH OF SAINT HEDWIG f/k/a Church of All Saints, Holdingford; CHURCH OF IMMACULATE CONCEPTION, NEW MUNICH; CHURCH OF SAINT PAUL, SAUK CENTRE; CHURCH OF SAINT. JOSEPH, CLARISSA; CHURCH OF THE SACRED HEART, STAPLES; CHURCH OF SAINT STANISLAUS, SOBIESKI; CHURCH OF SAINT PETER, ST. CLOUD; CHURCH OF SAINT | Civil No. 17-2002 (JRT/LIB)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

ANDREW, ELK RIVER; CHURCH OF SAINT EDWARD, BOWLUS; CHURCH OF SAINT PAUL, ST. CLOUD; and CHURCH OF ST. MARY'S CATHEDRAL OF ST. CLOUD, ST. CLOUD f/k/a Church of the Immaculate Conception, St. Cloud,

                       Plaintiffs,

   v.

ARROWOOD INDEMNITY COMPANY, individually and as successor to Royal Indemnity Company, Connecticut Indemnity Company, The Fire & Casualty Insurance Company, Security Insurance Company of Hartford, Connecticut Specialty Insurance Company, New Amsterdam Casualty Company, and Orion Capital Companies; THE ORDER OF ST. BENEDICT, d/b/a St. John's Abbey; THE CONTINENTAL INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; TRAVELERS INDEMNITY COMPANY; CHURCH MUTUAL INSURANCE COMPANY; and HARTFORD ACCIDENT AND INDEMNITY COMPANY,

                       Defendants.

    John H. Faricy, Jr., **FARICY LAW FIRM, P.A.**, 12 South Sixth Street, Suite 211, Minneapolis, MN 55402, for plaintiffs.

    Robert D. Brownson, Olivia M. Cooper, and Aaron M. Simon, **BROWNSON NORBY, PLLC**, 225 South Sixth Street, Suite 4800, Minneapolis, MN 55402, and Dennis N. Ventura and Kathleen M. Hart, **TRESSLER LLP**, 233 South Wacker Drive, Suite 2200, Chicago, IL 60606, for defendant Arrowood Indemnity Corporation.

Plaintiffs the Diocese of St. Cloud ("the Diocese") and various Catholic parishes located in Minnesota (collectively, "Plaintiffs") brought this insurance coverage action to determine which parties will pay compensation to victims of clerical abuse that have filed claims in state court. Plaintiffs brought claims for declaratory relief against their own alleged insurers, Arrowood Indemnity Company ("Arrowood"), Church Mutual Insurance Company, St. Paul Fire and Marine Insurance Company, and Hartford Accident and Indemnity Company (collectively, "Plaintiffs' Insurers"). They brought additional claims against Arrowood for breach of contract, promissory estoppel, bad faith/breach of fiduciary duty, fraudulent misrepresentation, and tortious interference with contractual relations. Plaintiffs also brought a claim for declaratory relief against a fellow Catholic religious organization, The Order of St. Benedict ("the Abbey"), and its insurers, but the Court dismissed that claim.

Presently before the Court is Arrowood's Partial Motion to Dismiss, which the Court will grant. Because Plaintiffs' Complaint fails to allege sufficient facts to survive a motion to dismiss on Counts Five, Six, Seven, and Eight, the Court will dismiss those claims without prejudice.

## BACKGROUND

### I. FACTUAL BACKGROUND

#### A. The Plaintiffs

The Diocese is a Catholic diocese corporation in St. Cloud, Minnesota. (Notice of Removal ¶ 1, Ex. 1 ("Compl.") ¶ 4, June 12, 2017, Docket No. 1.) The remaining

Plaintiffs are "separate and independent Catholic parish corporations" located in Minnesota.  (Compl. ¶¶ 5-7.)  The Diocese is organized and operates under Minn. Stat. § 315.16; the remaining Plaintiffs are organized and operate under Minn. Stat. § 315.15. (*Id.* ¶¶ 4, 5-7.)

In May 2013, the Minnesota Legislature passed the Minnesota Child Victims Act, Minn. Stat. § 541.073, which allowed individuals to file sexual abuse claims that had previously been time-barred.  (*Id.* ¶ 2.)  More than 75 related actions have been filed against the Diocese, and the remaining Plaintiffs have each been named as a defendant in one or more actions.  (*Id.* ¶ 3.)  The actions involve some combination of public nuisance, private nuisance, negligence, negligent supervision, and negligent retention.  (*Id.*)  Plaintiffs refer to these actions collectively as "the Claims."  (*Id.* ¶ 3.)

### B. Defendant Arrowood

Arrowood is a Delaware corporation with its principal place of business in North Carolina.  (*Id.* ¶ 9.)  Plaintiffs allege that Arrowood conducted business and provided insurance in Minnesota at times relevant to the Claims.  (*Id.*)  They also allege that Arrowood "took over the assets and liabilities of legacy insurance companies in order to make a profit by denying claims."  (*Id.*)  According to Plaintiffs, Arrowood is the successor to at least seven companies: Royal Indemnity Company, Connecticut Indemnity Company, The Fire & Casualty Insurance Company, Connecticut Specialty Insurance Company, New Amsterdam Casualty Company, Orion Capital Companies, and Security Insurance Company of Hartford.  (*Id.*)  Plaintiffs allege that Arrowood insured

the Diocese at least from April 1964 to December 1, 1971, under various policies. (*Id.* ¶¶ 18-19.) Plaintiffs allege that Arrowood has improperly denied coverage under at least one of these policies. (*Id.* ¶ 20.) Plaintiffs also allege that Arrowood issued policies to other Plaintiffs in periods ranging from as early as 1955 to 1967. (*See id.* ¶¶ 21-28.)

### C. Causes of Action Against Arrowood

Plaintiffs allege seven causes of action against Arrowood, two of which are alleged against all of Plaintiffs' Insurers.

#### 1. Counts Two and Three: Declaratory Relief Against Plaintiffs' Insurers

In their second cause of action, Plaintiffs request a judicial determination of the rights and duties of Plaintiffs' Insurers "with respect to their obligation to provide a defense and investigation and pay for defense and investigations with respect to [the Claims] against the Plaintiffs." (*Id.* ¶ 43.) In their third cause of action, Plaintiffs request a judicial determination of the rights and duties of Plaintiffs' Insurers with respect to their obligation to indemnify Plaintiffs against "all sums that the Plaintiffs have paid or will be obligated to pay in payment of settlements or judgments arising from past, present and future Claims." (*Id.* ¶¶ 49-51.)

#### 2. Count Four: Breach of Contract Against Arrowood

In their fourth cause of action, Plaintiffs allege that Arrowood breached its contract by failing to defend and indemnify Plaintiffs for the Claims in accordance with their insurance coverage. (*Id.* ¶ 55.) Plaintiffs seek damages, interest, costs, and attorneys' fees. (*Id.* at 21, ¶ 4.)

### 3. Count Five: Promissory Estoppel Against Arrowood

In their fifth cause of action, Plaintiffs allege that Arrowood had previously promised to pay for certain defense and indemnity costs, that Arrowood intended that Plaintiffs rely on that promise, and that Plaintiffs did in fact rely on that promise to their detriment. (*Id.* ¶¶ 58-60.) Plaintiffs seek damages, interest, costs, and attorneys' fees. (*Id.* at 21, ¶ 5.)

### 4. Count Six: Bad Faith/Breach of Fiduciary Duty Against Arrowood

In their sixth cause of action, Plaintiffs allege that Arrowood agreed in the early 1990s to defend and settle cases against the Diocese but later failed to do so. (*Id.* ¶¶ 62-63.) Plaintiffs allege that, based on Arrowood's representations, there was no dispute as to coverage for a period of time, and Arrowood formed a fiduciary relationship with the Diocese. (*Id.* ¶ 63.) Plaintiffs allege that Arrowood breached the resulting fiduciary duty to the Diocese by misrepresenting the extent and nature of the coverage available under its policies, failing to defend and indemnify the Diocese, and failing to communicate with the Diocese. (*Id.* ¶ 63.) Plaintiffs seek damages, interest, costs, and attorneys' fees. (*Id.* at 21, ¶ 6.)

### 5. Count Seven: Fraudulent Misrepresentation Against Arrowood

In their seventh cause of action, Plaintiffs allege that Arrowood misrepresented that it could not confirm coverage for a time period relevant to the Claims when Arrowood knew or should have known that its predecessors had afforded coverage to Plaintiffs during the time period in question and had sufficient information to reconstruct the essential terms and conditions of the policies. (*Id.* ¶ 66.) Plaintiffs further allege that

Arrowood misrepresented that the Claims were subject to an aggregate limit when it knew or should have known that there was no aggregate limit.  (*Id.*)  Plaintiffs allege that Arrowood wrongly denied their claims on those grounds and that they relied to their detriment upon Arrowood's misrepresentations. (*Id.* ¶¶ 66-69.)  Plaintiffs seek damages, interest, costs, and attorneys' fees.  (*Id.* at 22, ¶ 7.)

### 6. Count Eight: Tortious Interference with Contractual Relations Against Arrowood

In their eighth and final cause of action, Plaintiffs allege that Arrowood has "adopted a business model that involves obtaining the assets and liabilities of certain insurers" and "caused and engaged in the unjustified practice of denying Plaintiffs' valid claims for coverage in order to reap profits from the investment of assets received from its predecessor insurers."   (*Id.* ¶¶ 71-72.)   Plaintiffs allege that Arrowood "has intentionally and without justification procured the breach" of their insurance contracts with Arrowood's predecessor insurance companies.  (*Id.* ¶ 73.)  Plaintiffs seek damages, interest, costs, and attorneys' fees.  (*Id.* at 22, ¶ 8.)

## II. PROCEDURAL BACKGROUND

Plaintiffs commenced this action in state court on May 12, 2017.  (Notice of Removal ¶ 1.)  Defendants St. Paul and Travelers removed the action to federal court. (*Id.* ¶¶ 8-10.)  The Abbey and its insurers filed Motions to Dismiss.  (Continental's Mot. to Dismiss, June 19, 2017, Docket No. 32; The Abbey's Mot. to Dismiss, June 19, 2017, Docket No. 43; Travelers' Mot. for Joinder, June 30, 2017, Docket No. 52.)  Plaintiffs filed a Motion to Remand to State Court.  (Pls.' Mot. to Remand, July 17, 2017, Docket

No. 73.)  The Court granted the Motions to Dismiss and denied the Motion to Remand. (Order, Jan. 4, 2018, Docket No. 105.)

Arrowood filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Counts Five through Eight.  (Arrowood's Partial Mot. to Dismiss, July 6, 2017, Docket No. 61.)  The Court granted a continuance of the hearing on this motion per the parties' joint request, and the motion is now before the Court.  (Order, Oct. 30, 2017, Docket No. 103; Notice, Jan. 11, 2018, Docket No. 108.)

## DISCUSSION

Arrowood seeks dismissal of Count Five (Breach of Contract), Count Six (Bad Faith/Breach of Fiduciary Duty), Count Seven (Fraudulent Misrepresentation), and Count Eight (Tortious Interference with Contractual Relations).  Because the Complaint fails to allege sufficient facts to support these claims, the Court will grant Arrowood's motion and dismiss these four counts.

## I.  STANDARD OF REVIEW

Plaintiffs must plead "a short and plain statement of the claim showing that [they are] entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  In reviewing a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine whether the complaint states a "claim to relief that is plausible on its face."  *See, e.g.*,

---

[1] Plaintiffs cite primarily Minnesota pleading standards, presumably because they initially filed this action in state court.  Nevertheless, Plaintiffs' Motion to Remand was previously denied, and the Court applies federal law to procedural issues.

*Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility,'" and therefore must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. COUNT FIVE: PROMISSORY ESTOPPEL

### A. Elements of the Claim

Promissory estoppel is an equitable remedy that implies "a contract in law where none exists in fact." *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn. 1981).[2] Plaintiffs must show that: "(1) a clear and definite promise was made,

---

[2] Defendants argue that promissory estoppel is unavailable to Plaintiffs because they also allege that Arrowood issued insurance contracts to certain parishes, and, under Minnesota law, "an express contract covering the same subject matter will preclude the application of promissory estoppel." *Myrlie v. Countrywide Bank*, 775 F. Supp. 2d 1100, 1107 (D. Minn. 2011) (quoting *Greuling v. Wells Fargo Home Mortg., Inc.*, 690 N.W.2d 757, 761 (Minn. Ct. App. 2005)). But the Federal Rules of Civil Procedure allow a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2).
*(footnote continued on next page)*

(2) [Arrowood] intended to induce reliance and [Plaintiffs] in fact relied to [their] detriment, and (3) the promise must be enforced to prevent injustice." *Martes v. Minn. Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000).

### B. Sufficiency of Plaintiffs' Allegations

Plaintiffs allege the following:

> 58. Arrowood has previously promised and accepted to pay for certain defense and indemnity costs related to vicarious negligence of the Plaintiffs and otherwise from November 1, 1967[,] to November 1, 1973.
>
> 59. Arrowood intended that the Plaintiffs rely on its promise that it would pay for the Plaintiffs['] indemnity obligations of $50,000 per each accident and defense costs.
>
> 60. The Plaintiffs relied on that promise to their detriment by, among other things, limiting their search for coverage during that time period and not pursuing legal action against Arrowood at that time. As a result, evidence of coverage may have been lost or destroyed in the meantime.

(Compl. ¶¶ 58-60.)

Plaintiffs' claim cannot withstand Arrowood's Motion to Dismiss for two reasons. First, Plaintiffs fail to plead facts to support the existence of a clear and definite promise. Plaintiffs vaguely state that "Arrowood has previously promised and accepted to pay for

---

Furthermore, these alternate claims need not be consistent. Fed. R. Civ. P. 8(d)(3). A party can plead breach of contract and promissory estoppel claims as alternative claims; they are only mutually exclusive in the sense that a party cannot obtain double recovery under the alternative theories. *See Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1017-18 (D. Minn. 2008) (allowing a promissory estoppel claim to go forward – despite being duplicative of a breach of contract claim – as an alternative theory, even though "only one [claim] may ultimately proceed").

certain defense and indemnity costs related to vicarious negligence of the Plaintiffs and otherwise from November 1, 1967[,] to November 1, 1973," but fail to provide even the barest details. (Compl. ¶ 58.) To survive a motion to dismiss, Plaintiffs' Complaint must provide more than labels and conclusions and more than a mere recitation of the elements of the claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiffs' vague allegations "stop[] short of the line between possibility and plausibility," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).[3]

Second, Plaintiffs fail to plead facts supporting detrimental reliance. Under Minnesota law, "[m]ere speculation is insufficient to show reliance; an actual change in [plaintiff's] position is required." *Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1017 (D. Minn. 2008). Several cases are instructive. In *Dumas v. Kessler & Maguire Funeral Home, Inc.*, the court found that the plaintiff did not sufficiently allege detrimental reliance because he "merely continued to work for the funeral home" in reliance on a promise by his supervisor that they would "retire together." 380 N.W.2d 544, 548 (Minn. Ct. App. 1986). He did not allege that he turned down any other offers of employment. *Id.* at 548. The *Dumas* court distinguished these facts from those of

---

[3] Plaintiffs correctly note that a promissory estoppel claim does not need to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), citing *Blackwater Techs., Inc. v. Synesi Grp., Inc.*, No 06-1273, 2008 WL 141781, at *6 (D. Minn. Jan. 14, 2008), where the plaintiff's claims were found to meet Rule 8(a)'s notice pleading standard. (Pls.' Opp. Mem. at 8.) But the plaintiff in *Blackwater* alleged extensive facts supporting a clear and definite promise, including allegations of numerous meetings between the parties to negotiate an agreement, the specific terms of an oral agreement made on a particular date, and a follow-up email that confirmed aspects of the parties' discussions. *Id.* at *1-2. While Plaintiffs need not allege Arrowood's promise in such extensive detail, they must provide more than vague allegations that merely recite the elements of the claim.

*Eklund v. Vincent Brass & Aluminum Co.*, 351 N.W.2d 371, 378 (Minn. Ct. App. 1984), where the plaintiff's allegation that he left his job of 26 years to go work for the promisor precluded summary judgment for his promissory estoppel claim. *Id.*

Likewise, in *Waters v. Cafesjian*, the court found no detrimental reliance where the plaintiff alleged that he had remained with his employer in reliance upon promised compensation. 946 F. Supp. 2d 876, 882 (D. Minn. 2013). The court cited *Eklund* for the proposition that an employee could show detrimental reliance by "declin[ing] a lucrative opportunity or job offer" in reliance on a promise, but found that the plaintiff in *Waters* merely "maintain[ed] the status quo." *Id.* Here, Plaintiffs do not allege an actual change in position, nor do they allege that they declined a lucrative opportunity.

Outside the employment context, in *Raden v. BAC Home Loans Servicing, LP*, the court dismissed a promissory estoppel claim because the complaint's "sole allegation regarding detrimental reliance [was] the bare-bones assertion that [plaintiffs] relied on Defendants' representations by failing to pursue loss mitigation options." No. 12-1240, 2013 WL 656624, at *4 (D. Minn. Feb. 22, 2013). The *Raden* court found that the plaintiffs might have alleged reliance, but certainly not **detrimental** reliance. *Id.* (quoting *Stumm v. BAC Home Loans Servicing, LP*, No. 11-3736, 2012 WL 5250560, at *3 (D. Minn. Oct. 24, 2012)). Here too Plaintiffs fail to allege **detrimental** reliance. Plaintiffs do not allege an actual change in position, nor even a specific alternative opportunity. The suggestion that they might have pursued other insurance coverage options or brought an action against Arrowood earlier is speculative. Plaintiffs maintained the status quo, which is insufficient to sustain a promissory estoppel claim.

Plaintiffs fail to allege sufficient facts to support a clear and definite promise by Arrowood that they relied on to their detriment; thus, their claim for promissory estoppel will be dismissed without prejudice.

## III.   COUNT SIX: BAD FAITH/BREACH OF FIDUCIARY DUTY

### A. Elements of the Claim

Under Minnesota law, a fiduciary duty may arise in the insurance context because of the "parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims." *Kissoondath v. U.S. Fire Ins. Co.*, 620 N.W.2d 909, 915 (Minn. Ct. App. 2001) (quoting *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). An insurer, "having assumed control of the right of settlement of claims against its insured, may become liable in excess of its undertaking under the terms of the policy if it fails to exercise 'good faith' in considering offers to compromise the claim for an amount within the policy limits." *Short v. Dairyland Ins. Co.*, 334 N.W.2d 384, 387 (Minn. 1983) (quoting *Lange v. Fidelity & Casualty Co.*, 185 N.W.2d 881, 884 (Minn. 1971)).

A fiduciary duty arises when (1) the insured "come[s] forward with facts showing arguable coverage or the insurer [becomes] independently aware of such facts so that the insurer is obligated to defend or to further investigate the potential claim" and (2) the insurer "assume[s] the duty to defend and the concomitant duty to reasonably settle." *St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 407 (Minn. Ct. App. 2007).

"When there is no dispute as to coverage, liability, policy limits, and the duty to defend, the insurer owes the insured a fiduciary duty to settle claims in good faith." *Id.*

### B. Sufficiency of Plaintiffs' Allegations

Plaintiffs allege the following:

> 62. In the early 1990s Arrowood agreed to defend and settle cases against the St. Cloud Diocese relating to abuse that occurred from November 1, 1967[,] to November 1, 1973. Accordingly, based on Arrowood's representations and acceptance of coverage, for a period of time, there was no dispute as to coverage, liability, policy limits, and the duty to defend.
>
> 63. Based on the circumstances pleaded above, Arrowood formed a fiduciary relationship with the St. Cloud Diocese. However, recently Arrowood has failed to defend and settle cases during that time period and otherwise. As a direct result of its bad faith conduct, Arrowood has breached its fiduciary duty to the St. Cloud Diocese by, among other things, by [*sic*] misrepresenting the extent and nature of the coverage available under its policies, failing to defend and indemnify the St. Cloud Diocese, and failing to communicate with the St. Cloud Diocese.
>
> 64. Arrowood is expected to continue to maintain that it ultimately owes limited or no further coverage. Under these circumstances, Arrowood is liable for extra-contractual damages including punitive damages and the St. Cloud Diocese reserves the right to move to amend their Complaint to allege punitive damages under Minn. Stat. Section 549.191.

(Compl. ¶¶ 62-64.)

Plaintiffs' allegations are insufficient to survive a motion to dismiss for two reasons. First, Plaintiffs insufficiently allege that Arrowood formed a fiduciary relationship with the Diocese. Plaintiffs allege that "[i]n the early 1990s Arrowood

agreed to defend and settle cases against the St. Cloud Diocese relating to abuse that occurred from November 1, 1967[,] to November 1, 1973." (Compl. ¶ 62.) Plaintiffs give no details as to which claims were at issue, what promises were made, or even the precise year – let alone date – of the alleged agreement. Their vague allegation does not allow the Court to draw the reasonable inference that the claims were arguably covered by policies issued by Arrowood, that Arrowood was obligated to defend them, or that Arrowood in fact assumed control of their defense. To survive a motion to dismiss, Plaintiffs' allegations must provide more than labels and conclusions and more than a mere recitation of the elements of the claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Here, they do not.

Even if Plaintiffs had properly alleged that the fiduciary duty arose, they fail to allege that Arrowood breached its duty to act in good faith. Plaintiffs allege that Arrowood "failed to defend and settle cases during that time period and otherwise." (Compl. ¶ 63.) But it is unclear whether Arrowood's fiduciary duty extended to all "cases during that time period and otherwise" to which Plaintiffs refer because they have provided no details regarding which claims Arrowood allegedly agreed to defend and settle. Plaintiffs also allege that Arrowood "breached its fiduciary duty . . . by . . . misrepresenting the extent and nature of the coverage available under its policies, failing to defend and indemnify the St. Cloud Diocese, and failing to communicate with the St. Cloud Diocese." (*Id.*) These allegations are unsupported by facts demonstrating that Arrowood knows or should know that there are no good-faith grounds to dispute coverage; thus, there is nothing to support the allegation that the coverage dispute

constitutes breach of the fiduciary duty to act in good faith. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan*, 478 U.S. at 286). Without more, Plaintiffs' allegations "stop[] short of the line between possibility and plausibility," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Because Plaintiffs fail to sufficiently allege that Arrowood owed them a fiduciary duty or that such a duty was breached, Plaintiffs' claim for bad faith/breach of fiduciary duty will be dismissed without prejudice.

## IV. COUNT SEVEN: FRAUDULENT MISREPRESENTATION

### A. Heightened Pleading Standard

Federal Rule of Civil Procedure 9(b) governs fraud pleadings in federal court. "Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity." *Trooien v. Mansour,* 608 F.3d 1020, 1028 (8th Cir. 2010). Under Rule 9(b)'s particularity requirement, Plaintiffs must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). Essentially, Plaintiffs must plead the "who, what, where, when, and how" of the alleged

fraud.  *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (citing *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)).

Rule 9(b)'s particularity requirement "demands a higher degree of notice than that required for other claims" so that a defendant can "respond specifically and quickly to the potentially damaging allegations."  *Costner*, 317 F.3d at 888.  "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."  *Schaller Tel. Co.*, 298 F.3d at 746 (quoting *Commercial Prop. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)) (alteration in original).

### B. Sufficiency of Plaintiffs' Allegations

Plaintiffs allege the following:

> 66. Despite previously affording coverage to Plaintiffs, beginning on or about August 16, 2011, Arrowood began to misrepresent to Plaintiffs that it could not confirm coverage from November 1, 1967[,] to December 1, 1970, or otherwise, and therefore wrongly denied Plaintiffs' claims on that basis. Arrowood knew or should have known that its predecessor or predecessors had afforded coverage to Plaintiffs during those policy years and had sufficient information to reconstruct the essential terms and conditions of Plaintiffs' policies. Arrowood further misrepresented that the Claims were subject to an aggregate limit when it knew or should have known that there was no aggregate limit in its policies.
>
> 67. Therefore, Arrowood intended that Plaintiffs rely upon the aforementioned misrepresentations.
>
> 68. Plaintiffs, to [their] detriment, relied upon the aforementioned misrepresentations, which reliance was the intended result of Arrowood's actions, taken for the purpose of wrongfully limiting Plaintiffs' right to coverage for Claims under the terms of its insurance policies.

(Compl. ¶¶ 66-68.)

Plaintiffs' allegations do not meet the heightened Rule 9(b) standard. Plaintiffs do not allege who at Arrowood made fraudulent representations or any other details beyond a general time frame and the general nature of the representations. These allegations are insufficient under *Joshi*, 441 F.3d at 556, and *Schaller Tel. Co.*, 298 F.3d at 746.

Furthermore, an essential element of a fraud claim is detrimental reliance. *See Hardin Cnty. Sav. Bank v. Housing and Redev. Auth.,* 821 N.W.2d 184, 192 (Minn. 2012). Here, Plaintiffs conclusorily allege that they relied upon Arrowood's misrepresentations to their detriment and suffered damages. Plaintiffs allege no facts to support these allegations. This claim would fail under Rule 8(a)'s pleading standard and unquestionably fails Rule 9(b)'s heightened pleading standard. Thus, Plaintiffs' claim for fraudulent misrepresentation will be dismissed without prejudice.

## V. COUNT EIGHT: TORTIOUS INTERFERENCE WITH CONRACTUAL RELATIONS

### A. Elements of the Claim

A claim for tortious interference with a contract requires Plaintiffs to show: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional procurement of its breach; (4) without justification; and (5) damages resulting therefrom." *Harvey v. Wackenhut Corp.*, No. A05–1684, 2006 WL 1605547, at *4 (Minn. Ct. App. June 13, 2006) (quoting *Bouten v. Richard Miller Homes, Inc.*, 321 N.W. 2d 895, 900 (Minn. 1982)).

## B. Sufficiency of Plaintiffs' Allegations

Plaintiffs allege the following:

> 71. Arrowood has individually as a third-party adopted a business model that involves obtaining the assets and liabilities of certain insurers with liability exposure from occurrence policies issued covering occurrences or accidents arising from acts committed and injuries sustained years ago but covering claims maturing now and in the future.
>
> 72. In its dealing with its insureds – including Plaintiffs – Arrowood has caused and engaged in the unjustified practice of denying Plaintiffs' valid claims for coverage in order to reap profits from the investment of assets received from its predecessor insurers including, but not limited to, New Amsterdam Insurance Company.
>
> 73. With knowledge of Plaintiffs' contracts of insurance with its predecessor insurance company or companies, Arrowood has intentionally and without justification procured the breach of those contracts and thus caused damages to Plaintiffs in excess of $50,000.

(Compl. ¶¶ 71-73.)

Plaintiffs' allegations are insufficient to survive a motion to dismiss. Plaintiffs fail to sufficiently plead each element of this claim, as their statement that "Arrowood has intentionally and without justification procured the breach of those contracts," (Compl. ¶ 73), presents legal conclusions unsupported by facts. This allegation constitutes "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiffs do not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, Plaintiffs' claim for tortious interference with contractual relations will be dismissed without prejudice.

## CONCLUSION

Plaintiffs' Complaint fails to allege sufficient facts to survive Arrowood's Partial Motion to Dismiss.  Plaintiffs fail to allege a clear and definite promise or detrimental reliance as required to support a claim for promissory estoppel, fail to allege sufficient facts to support that Arrowood owed Plaintiffs a fiduciary duty and breached that duty as required to support a claim for bad faith/breach of fiduciary duty, fail to plead fraudulent misrepresentation with particularity, and fail to plead the required elements of tortious interference with contractual relations.  All of these claims are being dismissed for failure to meet pleading standards.  The dismissals are all without prejudice so plaintiffs have the opportunity to cure the pleading deficiencies.  The Court will therefore grant Arrowood's Motion in full and dismiss Counts Five, Six, Seven, and Eight without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Arrowood's Partial Motion to Dismiss [Docket No. 61] is **GRANTED**.  Accordingly, Counts Five, Six, Seven, and Eight are **DISMISSED** without prejudice.

DATED:  March 5, 2018                                         _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                                                  Chief Judge
                                                              United States District Court