UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIOCESE OF ST. CLOUD; CHURCH OF SAINT JOSEPH, ST. JOSEPH; CHURCH OF SAINT ANTHONY OF PADUA, ST. CLOUD; CHURCH OF OUR LADY OF VICTORY, FERGUS FALLS; CHURCH OF SAINT ANNE, KIMBALL; CHURCH OF SAINT JAMES, RANDALL; CHURCH OF SAINT LOUIS BERTRAND, FORESTON; CHURCH OF SAINT BONIFACE, COLD SPRING; CHURCH OF THE ASSUMPTION, EDEN VALLEY; CHURCH OF SEVEN DOLORS, ALBANY; CHURCH OF SAINT MARY OF THE PRESENTATION, BRECKENRIDGE; CHURCH OF THE HOLY CROSS, ONAMIA; CHURCH OF SAINT GALL, TINTAH; CHURCH OF SAINT OLAF, ELBOW LAKE; CHURCH OF THE IMMACULATE CONCEPTION, OSAKIS; CHURCH OF SAINT PETER, DUMONT; CHURCH OF AVE MARIA, WHEATON; CHURCH OF THE HOLY SPIRIT, ST. CLOUD; CHURCH OF THE HOLY ANGELS OF ST. CLOUD, ST. CLOUD, *f/k/a* Holy Angels Congregation of St. Cloud, St. Cloud; CHURCH OF SAINT HEDWIG, *f/k/a* Church of All Saints, Holdingford; CHURCH OF IMMACULATE CONCEPTION, NEW MUNICH; CHURCH OF SAINT PAUL, SAUK CENTRE; CHURCH OF SAINT JOSEPH, CLARISSA; CHURCH OF THE SACRED HEART, STAPLES; CHURCH OF SAINT STANISLAUS, SOBIESKI; CHURCH OF SAINT PETER, ST. CLOUD; CHURCH OF SAINT ANDREW, ELK RIVER; CHURCH OF SAINT EDWARD, BOWLUS; CHURCH | Civil No. 17-2002 (JRT/LIB)<br><br><br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

OF SAINT PAUL, ST. CLOUD; and
CHURCH OF ST. MARY'S
CATHEDRAL OF ST. CLOUD, ST.
CLOUD, *f/k/a* Church of the Immaculate
Conception, St. Cloud,

                                    Plaintiffs,

v.

ARROWOOD INDEMNITY COMPANY,
*individually and as successor to Royal
Indemnity Company, Connecticut
Indemnity Company, The Fire & Casualty
Insurance Company, Security Insurance
Company of Hartford, Connecticut
Specialty Insurance Company, New
Amsterdam Casualty Company, and Orion
Capital Companies*; THE ORDER OF ST.
BENEDICT, *d/b/a* St. John's Abbey;
CONTINENTAL INSURANCE
COMPANY; ST. PAUL FIRE AND
MARINE INSURANCE COMPANY;
TRAVELERS INDEMNITY
COMPANY;and HARTFORD
ACCIDENT AND INDEMNITY
COMPANY,

                                    Defendants.

     John H. Faricy, Jr., **FARICY LAW FIRM, P.A.**, 12 South Sixth Street, Suite 211, Minneapolis, MN  55402, for plaintiffs.

     James S. Carter, Jr., James R. Murray, and Jared Zola, **BLANK ROME LLP**, 1825 Eye Street Northwest, Washington, D.C.  20006, and Stacey L. Sever, **STICH ANGELL KREIDLER & DODGE**, 250 Second Avenue South, Suite 120, Minneapolis, MN  55401, for defendant The Order of St. Benedict.

     Stacy M. Lundeen, **BRADSHAW & BRYANT, PLLC**, 1505 Division Street, Waite Park, MN  56387, and Troy A. Poetz, **RAJKOWSKI HANSMEIER LTD.**, P.O. Box 1433, St. Cloud, MN  56302, for defendant

Continental Insurance Company.

Dale O. Thornsjo and Lance D. Meyer, **O'MEARA LEER WAGNER & KOHL, P.A.**, 7401 Metro Boulevard, Suite 600, Minneapolis, MN  55439, for defendant Travelers Indemnity Company.

The Diocese of St. Cloud and various Catholic parishes in Minnesota (collectively, "Plaintiffs") brought this insurance coverage action to determine which parties will pay compensation to victims of clerical abuse who have filed claims in state court.

Plaintiffs brought claims for declaratory relief against their insurers, Arrowood Indemnity Company ("Arrowood"), Church Mutual Insurance Company, St. Paul Fire and Marine Insurance Company, and Hartford Accident and Indemnity Company (collectively, "Plaintiffs' Insurers").  They brought additional claims against Arrowood alone for breach of contract, bad faith/breach of fiduciary duty, fraudulent misrepresentation, and tortious interference with contractual relations.  The Court dismissed all the claims against Plaintiffs' Insurers except the declaratory judgment and breach of contract claims.  *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. 17-2002, 2018 WL 1175421, at *9 (D. Minn. Mar. 6, 2018).

Plaintiffs also brought a claim for declaratory relief against a fellow Catholic religious organization, The Order of St. Benedict, doing business as St. John's Abbey ("the Abbey"), and its insurers, Continental Insurance Company ("Continental") and Travelers Indemnity Company ("Travelers") (collectively, the "Moving Parties").  In January 2018, the Court issued an order (the "January Order") dismissing that claim on ripeness and

standing grounds. *Diocese of St. Cloud v. Arrowood Indem. Co. ("Jan. Order")*, No. 17-2002, 2018 WL 296077, at *5 (D. Minn. Jan. 4, 2018).

On March 8, 2018, Travelers filed a Motion for Entry of Judgment under Rule 54(b) seeking certification of the January Order as a final judgment. (Travelers' Mot. for Entry of J., Mar. 8, 2018, Docket No. 123.)  Continental and The Abbey also seek to join Travelers' Motion. (Continental's Am. Mot. for Joinder, Apr. 13, 2018, Docket No. 153; Abbey's Mot. for Entry of J., Mar. 29, 2018, Docket No. 142.)  Plaintiffs oppose the motions. (Pls.' Mem. in Opp. to Travelers' Mot. for Entry of J., Mar. 29, 2018, Docket No. 148; Pls.' Mem. in Opp. to the Abbey's Mot. for Entry of J., Apr. 19, 2018, Docket No. 154.)

Because the Moving Parties have not demonstrated that the equities of this case warrant entry of judgment under Rule 54(b), the Court will deny the motions.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) allows the court to "direct the entry of a final judgment as to one or more, but fewer than all of the claims" in an action. Fed. R. Civ. P. 54(b).  Such an order is appropriate "only if the court expressly determines that there is no just reason for delay." *Id.*

Rule 54(b) orders are an exception and should not be issued routinely. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).  Only a "special case" warrants such an order. *Id.* (quoting *Hardie v. Cotter & Co.*, 819 F.2d 181, 182 (8th Cir. 1987)).  "In determining that there is no just reason for delay, the district court

must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting *Interstate Power Co.*, 992 F.2d at 807)). The Court grants Rule 54(b) orders only if there exists "some danger of hardship or injustice through delay which could be alleviated by immediate appeal." *Burlington N. R.R. Co. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985) (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983)).

The Moving Parties argue that the January Order should be certified as final because it resolves the only claim asserted against them and denying the motions will delay the eventual entry of judgment. Plaintiffs argue that the motions should be denied to avoid piecemeal appeals.

The Court finds that the equities of this case do not merit granting the motions. First, entry of partial judgment would not serve the purposes of judicial economy. The interests of judicial economy typically favor "delaying appeal until all issues can be confronted by [the court of appeals] in a unified package," especially when "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *McAdams*, 533 F.3d at 928 (quoting *Hayden*, 719 F.2d at 270). The Court must bear in mind the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). This policy consideration weighs heavily against directing judgment under Rule 54(b) in this case.

Second, while the claims against the Moving Parties are somewhat distinct from the claims against Plaintiffs' insurers, all of Plaintiffs' claims relate to the underlying facts in

the state-court sexual-abuse claims and depend to some degree on the resolution of those claims.[1]  Even if the claims against the Moving Parties were entirely separate from the remaining claims, the Court finds that judicial economy and the equities of this case weigh against certifying the January Order as final.  *See In re Flight Transp. Corp. Sec.*, 825 F.2d 1249, 1251 (8th Cir. 1987) ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . It is left to the sound judicial discretion of the district court to determine [when a judgment should become final]." (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7-8)).

Finally, the Moving Parties have not shown that they will suffer hardship or injustice that could be alleviated by immediate appeal.  *See Burlington N. R.R. Co.*, 754 F.2d at 800.  The Moving Parties argue only that denying the motions will delay the eventual entry of judgment in their favor.  But such delay occurs any time there are claims against multiple parties and is insufficient to justify certification of the January Order as final.  This is not a special case.

Because the equities do not weigh in favor of certification of the January Order as final, the Court will deny the Moving Parties' Motions for Entry of Judgment.

---

[1] The Moving Parties' arguments as to this issue appear contradictory.  On the one hand, they argue that the remaining claims "are separate from and wholly unrelated to the claims asserted and relief sought as to [the Moving Parties]." (Travelers' Supp. Mem. at 6, Mar. 8, 2018, Docket No. 125.)  On the other hand, they argue that Plaintiffs would benefit from appealing the dismissed claims now because, if Plaintiffs' appeal is successful, Plaintiffs "can proceed with the [dismissed claims] at the same time they pursue their claims against their own insurers." (Travelers' Reply Mem. at 5, Apr. 12, 2018, Docket No. 152.)  The latter argument would suggest that the claims are substantially similar, which weighs in favor of denying the Rule 54(b) motions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Travelers Indemnity Company's Motion for Entry of Judgment under Rule 54(b) [Docket No. 123] is **DENIED.**

2. Defendant Continental Insurance Company's Motion for Joinder [Docket No. 140] and Amended Motion for Joinder [Docket No. 153] are **DENIED**.

3. Defendant The Order of St. Benedict's Motion to Join Travelers Indemnity Company's Motion for Entry of Judgment under Rule 54(b) and Certify Order as Final Judgment [Docket No. 142] is **DENIED**.

DATED: July 3, 2018　　　　　　　　　　　_____s/John R. Tunheim_____  
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge  
　　　　　　　　　　　　　　　　　　　　United States District Court