UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIOCESE OF ST. CLOUD; CHURCH OF SAINT JOSEPH, ST. JOSEPH; CHURCH OF OUR LADY OF VICTORY, FERGUS FALLS; CHURCH OF SAINT JAMES, RANDALL; CHURCH OF SAINT LOUIS BERTRAND, FORESTON; CHURCH OF THE ASSUMPTION, EDEN VALLEY; CHURCH OF SAINT OLAF, ELBOW LAKE; CHURCH OF THE HOLY ANGELS OF ST. CLOUD, ST. CLOUD, *f/k/a* Holy Angels Congregation of St. Cloud, St. Cloud; CHURCH OF IMMACULATE CONCEPTION, NEW MUNICH; CHURCH OF THE SACRED HEART, STAPLES; CHURCH OF SAINT ANDREW, ELK RIVER; CHURCH OF SAINT PAUL, ST. CLOUD; and CHURCH OF ST. MARY'S CATHEDRAL OF ST. CLOUD, ST. CLOUD, *f/k/a* Church of the Immaculate Conception, St. Cloud, | Civil No. 17-2002 (JRT/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE RULING** |
| ARROWOOD INDEMNITY COMPANY, *individually and as successor to Royal Indemnity Company, Connecticut Indemnity Company, The Fire & Casualty Insurance Company, Security Insurance Company of Hartford, Connecticut Specialty Insurance Company, New Amsterdam Casualty Company, and Orion Capital Companies*; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; and HARTFORD ACCIDENT AND INDEMNITY COMPANY, | |
| Defendants. | |

Vadim Trifel and John H. Faricy, Jr., **FARICY LAW FIRM, P.A.**, 12 South Sixth Street, Suite 211, Minneapolis, MN 55402, and Thomas A. Janson, **JANSON LAW OFFICE,** 2103 Frontage Road North, Suite 25, Waite Park, MN 56387, for plaintiffs.

Olivia M. Cooper and Robert D. Brownson, **BROWNSON NORBY, PLLC,** 225 South Sixth Street, Suite 4800, Minneapolis, MN 55402, and Dennis N. Ventura and Kathleen M. Hart, **TRESLLER LLP,** 233 South Wacker Drive, Suite 2200, Chicago, IL 60606, for Defendant Arrowood Indemnity Corporation.

Dale O. Thornsjo and Lance D. Meyer, **O'MEARA LEER WAGNER & KOHL, P.A.,** 7401 Metro Boulevard, Suite 600, Minneapolis, MN 55439, for defendant St. Paul Fire and Marine Insurance Company.

Joshua D. Weinberg, **SHIPMAN & GOODWIN LLP,** 1875 K Street Northwest, Washington, D.C. 20010, and Robert L. McCollum, **MCCOLLUM CROWLEY,** 7900 Xerxes Avenue South, Suite 700, Minneapolis, MN 55413, for defendant Hartford Accident and Indemnity Company.

The Diocese of St. Cloud (the "Diocese") and thirty individual Catholic parishes in Minnesota (collectively "Plaintiffs") brought this insurance coverage action to determine which parties will pay compensation to victims of clerical abuse who have filed claims in state court. Seventeen of the parishes have since been dismissed, leaving only thirteen parishes and the Diocese. (Magistrate Judge Order at 4, Sept. 24, 2018, Docket No. 192.)

Plaintiffs brought a claim for declaratory relief against a fellow Catholic religious organization, The Order of St. Benedict, and its insurers, Continental Insurance Company and Travelers Indemnity Company. In January 2018, the Court dismissed that claim on ripeness and standing grounds. *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. 17-2002, 2018 WL 296077, at *5 (D. Minn. Jan. 4, 2018).

Plaintiffs also brought claims for declaratory relief against their insurers, Arrowood Indemnity Company ("Arrowood"), Church Mutual Insurance Company ("Church Mutual"), St. Paul Fire and Marine Insurance Company, and Hartford Accident and Indemnity Company (collectively "Plaintiffs' Insurers"). They brought additional claims against Arrowood alone for breach of contract, promissory estoppel, bad faith/breach of fiduciary duty, fraudulent misrepresentation, and tortious interference with contractual relations. The Court found that Plaintiffs failed to allege facts sufficient to state a claim upon which relief could be granted with respect to their claims against Arrowood for promissory estoppel, bad faith/breach of fiduciary duty, fraudulent misrepresentation, and tortious interference with contractual relations. *Diocese of St. Cloud v. Arrowood Indem. Co. ("March Order")*, No. 17-2002, 2018 WL 1175421, at *8-9 (D. Minn. Mar. 6, 2018). The Court thus dismissed those claims, leaving only claims for declaratory relief against all of Plaintiffs' Insurers[1] and a breach of contract claim against Arrowood. *See id.*

On May 11, 2018, the Court issued the Pretrial Scheduling Order. (Pretrial Scheduling Order, May 11, 2018, Docket No. 167.) All motions seeking to amend the pleadings or add parties were to be filed **and heard** prior to August 1, 2018. (*Id.* at 3.)

Nevertheless, on August 1, 2018, Plaintiffs filed a Motion to Amend the Complaint and Modify the Pretrial Scheduling Order. (Pls.' Mot. to Amend Compl., Aug. 1, 2018, Docket No. 170.) Plaintiffs sought to bring a new claim against Church Mutual and sought to join five new defendants. (*Id.* at 1.) Three proposed defendants are new insurance

---

[1] Church Mutual was later dismissed pursuant to a stipulation by the relevant parties. (Order Approving Stip., May 10, 2018, Docket No. 166.)

companies: Nationwide Affinity Insurance Company of America ("Nationwide"), as successor to Western Casualty & Surety Company; Employers Insurance Company of Wausau ("Employers"); and Western National Mutual Insurance Company ("Western National"), as successor to Mutual Creamery Insurance Company. (*Id.*) Two proposed defendants are Arrowood Entities: Arrowpoint Capital Corporation and Arrowpoint Group, Inc. (*Id.*) Plaintiffs also sought to add more detailed allegations against Arrowood, (*id.*), to cure the deficiencies that resulted in the Court's earlier partial dismissal. Apparently recognizing that its Motion was untimely, Plaintiffs also sought to extend the August 1 deadline to August 20. (*Id.*)

United States Magistrate Judge Leo Brisbois held a hearing on Plaintiffs' Motion on August 20, 2018. (Minute Entry, Aug. 20, 2018, Docket No. 183.) He ultimately denied Plaintiffs' Motion, finding that the Motion was untimely and that Plaintiffs could not show good cause to modify the schedule because Plaintiffs were not diligent in seeking the extension. (Magistrate Judge Order at 5-7.)

Presently before the Court is Plaintiffs' Partial Objection to the Magistrate Judge's decision to deny their Motion. (Pls.' Objs. to Magistrate Judge Decision ("Objs."), Oct. 9, 2018, Docket No. 193.)[2] Plaintiffs argue that they were diligent in their efforts to search their records, that permissive joinder of additional defendants is warranted, and that their proposed amended complaint cures the deficiencies that resulted in the Court's earlier partial dismissal. (*Id.* at 1, 5-6.) Because the Magistrate Judge did not clearly err in finding

---

[2] Plaintiffs do not object to the Magistrate Judge's denial of joinder of Western National.

- 4 -

that Plaintiffs could not show good cause to modify the scheduling order, the Court will overrule Plaintiffs' objection and affirm the Magistrate Judge's decision.

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may only set aside a magistrate judge's decision on a nondispositive issue if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). As such, the Court's review of such a decision is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

### II. MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER

Plaintiffs do not object to the standard set out by the Magistrate Judge; rather, they object to how the Magistrate Judge applied the standard to the facts.

As noted by the Magistrate Judge, a scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Federal Rule of Civil Procedure 15(a) generally allows a party to amend a pleading prior to trial with the court's leave, which should be freely given. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). However, Rule 15(a) applies only when a party timely files a motion to amend. *Id.* at 715-716. "If a party files for leave to amend outside of the court's scheduling order, the party **must** show cause to modify the schedule." *Id.* at 716 (emphasis in original) (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

In considering good cause, the primary question is whether the moving party was diligent in trying to meet the scheduling order's deadline. *Id.* Ordinarily, the Court will not consider other factors unless diligence has been established. *Id.* at 717.

## A. Due Diligence

Plaintiffs argue that the Magistrate Judge's finding that they were not diligent "misapprehends the nature of the search." (Objs. at 4.) On the contrary, the Magistrate Judge's order indicates that he fully considered Plaintiffs' assertions and supporting evidence but found them insufficient to constitute diligence. (*See generally* Magistrate Judge Order at 8-10.) As such, the Court will overrule this objection.

In their Motion to Amend, Plaintiffs stated only that they had "undertaken a diligent and comprehensive in-person parish-by-parish search to locate additional insurance information" which had "taken significant time." (Pls.' Mem. Supp. of Mot. to Am. ("Supp. Mem.") at 8, Aug. 1, 2018, Docket No. 172.) Of course, a search is not diligent merely because Plaintiffs characterize it as such. Yet the Magistrate Judge also considered the assertions made in Plaintiffs' supporting affidavit regarding the nature of the search. (Magistrate Judge Order at 8.) The Magistrate Judge noted that all of the information related to the proposed amendment of Plaintiffs' pleadings has been in their possession and that counsel did not begin searching for the required documents until April 2018. (*Id.* at 9.) The Magistrate Judge noted that Plaintiffs alone made the decision as to how and when to search, and that "[w]ith a search of such potential magnitude and importance to Plaintiffs' putative claims, [Plaintiffs'] conduct cannot be described as diligently

attempting to meet the August 1, 2018, deadline." (*Id.*) The Magistrate Judge also noted that Plaintiffs' lack of diligence was further demonstrated by their untimely proposed amendments to the pleadings this Court previously dismissed, because Plaintiffs have been aware of the deficiencies asserted by Arrowood since at least June 2017 but waited ten months to even enlist counsel to search for additional records. (*Id.*)

If the Magistrate Judge did not understand the complexity and difficulty of the supplementary search, the blame falls squarely on Plaintiffs, whose assertions regarding diligence were minimally supported and unspecific. Plaintiffs claimed that their counsel kept a log detailing each parish visited and when, but Plaintiffs did not submit the log to the Magistrate Judge in support of their motion. (*Id.*) Furthermore, Plaintiffs never informed the Magistrate Judge – or this Court – of the dates on which they discovered the information that supports the proposed amended pleadings. (*Id.* at 10.) If some of this information was found early in Plaintiffs' search, a request to amend should have been filed long before the expiration of the scheduling order deadline.[3]

The Magistrate Judge carefully considered Plaintiffs' arguments but found that, particularly given the complexity of the supplementary search, Plaintiffs did not show they were diligent in conducting their search. This conclusion is neither clearly erroneous nor contrary to law. The Court will thus overrule Plaintiffs' objection and affirm the Magistrate Judge's decision denying Plaintiffs' request to amend the Pretrial Scheduling Order.

---

[3] Plaintiffs also assert that "no documents were produced by the defendants until after the motion to amend was filed," (Objs. at 5), but they do not explain how this information is relevant to their Motion to Amend, which was based on information that Plaintiffs discovered.

### B. Good Cause Absent a Finding of Due Diligence

Plaintiffs argue that, even if they were not diligent, good cause still exists to modify the pretrial scheduling order.

It is true that Eighth Circuit case law does not necessarily preclude the Court from considering factors beyond diligence. *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (collecting cases). The Court has broad discretion to establish and enforce scheduling deadlines and should construe and administer Rule 16 "to secure the just, speedy, and inexpensive determination of [the] action." *Id*. (quoting *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014)).

Nevertheless, *Portz* does not support reversing the Magistrate Judge's decision on this issue. In *Portz*, the Court found that the plaintiffs **had** shown sufficient diligence. *Id.* at *4. The Court also noted that the plaintiffs' delay in filing their motion to amend was likely due in part to the "[d]efendants' delay in production, in the face of [the plaintiffs'] repeated attempts to procure discovery." *Id.* There is no such justification for Plaintiffs' delay in this case. Plaintiffs' proposed amendments are based on information that **they** discovered, not on information that Defendants failed to produce. As such, the Court will overrule Plaintiffs' objection on this alternative ground.

### III. MOTION TO AMEND THE COMPLAINT

Because the Court will overrule Plaintiffs' objections regarding modification of the pretrial scheduling order, their Motion to Amend the complaint to add new parties and supplement their pleadings against Arrowood will be denied as untimely. Nevertheless,

the Court will briefly address the remainder of Plaintiffs' arguments in support of the merits of their request.

### A. Joinder of Nationwide, Employers, and Church Mutual

The Magistrate Judge found that Plaintiffs had not demonstrated a proper basis under Federal Rule of Civil Procedure 19 or 20 for rejoining Church Mutual as a defendant or for joining two additional insurance companies as defendants. (Magistrate Judge Order at 12-14, 16.) Plaintiffs only object to this finding under Rule 20, which allows defendants to be joined in an action when: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiffs argue that permissive joinder under Rule 20 is warranted because the Court previously noted that "all of Plaintiffs' claims relate to the underlying facts in the state-court sexual-abuse claims and depend to some degree on the resolution of those claims." *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. CV 17-2002 (JRT/LIB), 2018 WL 3243986, at *2 (D. Minn. July 3, 2018). However, the Court made that comment in the context of considering the exceptional action of directing entry of final judgment under Rule 54(b). *Id.* In contrast, the Court has broad discretion to allow or deny permissive joinder under Rule 20. *Worldwide Digital Entm't, LLC v. Woodstone Deli & Sports Grill*, No. 2:13-CV-136, 2014 WL 2442634, at *2 (E.D. Tenn. May 30, 2014). Here, the Magistrate Judge found that permissive joinder was not warranted, noting that no right to

relief is asserted against Defendants jointly because these insurance coverage actions are based upon the language of distinct contracts separately issued by each Defendant. The Court cannot say that this finding was clearly erroneous or contrary to law.

B. **Joinder of Arrowood Entities**

The Magistrate Judge found that Plaintiffs' request to join Arrowood Capital Corporation and Arrowpoint Capital Group was futile. He found that the claims created by adding these defendants would not withstand a Rule 12(b)(6) motion to dismiss because Plaintiffs mad no specific factual assertions regarding the alleged conduct of these entities. In response, Plaintiffs argue only that "Arrowood tortiously interfered with Plaintiffs' contracts with Arrowood's predecessors." (Objs. at 6.) This argument does nothing to refute the Magistrate Judge's finding. The Court thus overrules Plaintiffs' vague objection and affirms the Magistrate Judge's finding on this issue.

C. **Plaintiffs' Proposed Addition of Allegations Against Arrowood**

Plaintiffs also argue that the Magistrate Judge improperly found that their proposed amended pleadings did not cure the deficiencies for which the Court previously granted Arrowood's partial motion for dismissal. The Magistrate Judge made this statement in a footnote and without explanation because it found Plaintiffs' Motion untimely. Plaintiffs' objection does not specify **how** their proposed additions cure the deficiencies; Plaintiffs merely restate the allegations in their proposed amended complaint. (*See* Objs. at 7-12.)

In any case, the Court finds that even if Plaintiffs' Motion to Amend had been timely, the proposed amendments do not cure the deficiencies of these claims.

1. **Promissory Estoppel**

The Court initially dismissed Plaintiffs' claim for promissory estoppel against Arrowood because they did not allege facts to support a clear and definite promise by Arrowood that they relied on to their detriment. *March Order*, 2018 WL 1175421 at *5. Plaintiffs now seek to add an allegation by way of example that Arrowood promised to provide coverage under two specific policies. (Aff. of Vadim Trifel ¶ 3, Ex. B "Proposed Ams.") ¶ 64, Aug. 1, 2018, Docket No. 173.) Even if this allegation were sufficient to support a clear and definite promise, Plaintiffs have still not shown **detrimental** reliance. They have not alleged "an actual change in position, nor even a specific alternative opportunity." *March Order*, 2018 WL 1175421 at *5. As before, the suggestion that they may have furthered their search for coverage or pursued legal action against Arrowood at that time is speculative, and their claim that evidence of coverage was lost or destroyed as a result is conclusory and unsupported.

2. **Breach of Fiduciary Duty**

The Court initially found that Plaintiffs' claim for breach of fiduciary duty against Arrowood failed because they did not sufficiently allege that Arrowood owed them a fiduciary duty or that such a duty was breached in bad faith. *Id.* at *6. Plaintiffs seek to add an allegation that, on August 27, 1990, Arrowood "accepted coverage with $50/100,000 policy limits" but has since failed to provide the coverage afforded under its

policies. (Proposed Ams. ¶¶ 68, 70.) Fiduciary duty, however, arises on a claim-by-claim basis. Once an insurer becomes aware of facts showing arguable coverage "of a potential claim" and accepts the duty to defend and settle a given claim, there is a fiduciary duty. *St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.*, 738 N.W.2d 401, 407 (Minn. Ct. App. 2007). Plaintiffs do not specify what exactly Arrowood assumed the duty to cover. Plaintiffs do not plead that Arrowood accepted the duty to defend and settle a specific claim and then later refused in bad faith to fulfill its obligations as to that claim. Rather, Plaintiffs appear to allege that Arrowood assumed a duty to defend some claims but then refused to defend others. Furthermore, Plaintiffs support their allegation that Arrowood's breach was in bad faith with a statement by Arrowood that it will not provide coverage because it believes that Plaintiffs have not sustained their burden of establishing the terms of the various policies. (Proposed Ams. ¶ 70.) This statement does not support bad faith, rather it alleges a good-faith basis for contesting coverage. As before, Plaintiffs fail to allege sufficient facts to show a fiduciary duty or bad-faith breach of that duty.

### 3. Fraudulent Misrepresentation

The Court initially found that Plaintiffs' allegations of fraudulent misrepresentation did not meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) because Plaintiffs did not identify "who at Arrowood made fraudulent representations or any other details beyond a general time frame and the general nature of the representations," nor did they show determinantal reliance. *March Order*, 2018 WL 1175421, at *7-8. Plaintiffs seek to add allegations of specific statements made by

Arrowood's counsel in 2016. (Proposed Ams. ¶¶ 75-76.) Even if these additions were enough to satisfy the heightened pleading standards of Rule 9(b), Plaintiffs still fail to allege detrimental reliance. Plaintiffs seek to add allegations that: (1) they relied upon Arrowood's misrepresentations in 2016 by not filing a lawsuit at that time, and (2) that they do not have sufficient assets to pay and defend Claims absent insurance coverage. (*Id.* ¶ 80.) These additions make little logical sense, and neither addition cures the deficiency. Arrowood's alleged misrepresentations consisted of telling Plaintiffs that their claims would **not** be covered by Arrowood or that they would be subject to aggregate limits, yet Plaintiffs allege that, based on these misrepresentations, they did not file a lawsuit. It is unclear how these alleged misrepresentations would have kept Plaintiffs from filing a lawsuit. It is likewise unclear what Plaintiffs lost by waiting until May 2017 to file a lawsuit instead of pursuing a lawsuit at the time of the alleged misrepresentations, which occurred in February and December 2016. Finally, Plaintiffs do not connect their current lack of assets to these alleged misrepresentations by Arrowood.

### 4. Tortious Interference with Contractual Relations

The Court initially dismissed Plaintiffs' claim for tortious interference with contractual relations because Plaintiffs' allegations were mere legal conclusions unsupported by facts. *March Order*, 2018 WL 1175421, at *8. Plaintiffs propose only minor changes to their original pleadings. (Proposed Ams. ¶¶ 83-85.) They add Arrowpoint Corporation and Arrowood Group to the allegations, but none of the allegations specifically connect them to Plaintiffs or to this case. (*Id.* ¶ 84.) The only other

proposed addition is the allegation that Arrowood's predecessors paid claims under the policies but Arrowood has begun to deny the claims despite having the same or more information to reconstruct the policies. This allegation does not allow the Court to draw a reasonable inference that Arrowood intentionally procured breach of contract without justification.

## CONCLUSION

The Magistrate Judge did not clearly err in finding that Plaintiffs did not show good cause to modify the scheduling order. As such, the Magistrate Judge did not clearly err in denying Plaintiffs' Motion to Amend the Pleadings on the grounds that it was untimely. The Court will thus overrule Plaintiffs' objections and will affirm the Magistrate Judge's decision.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiffs' Partial Objection to the Magistrate Judge's Order [Docket No. 193] is **OVERRULED** and the Magistrate Judge Order [Docket No. 192] is **AFFIRMED.**

DATED: January 2, 2019        _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.        JOHN R. TUNHEIM  
       United States District Judge